IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MARGOT AUSTIN, individually and on behalf of similarly situated invidividuals** § § § § | |
| **Plaintiff** § § | |
| § | **CIVIL ACTION NO. _____** |
| **v.** § § | |
| **THE CREEK GROUP COMPANY D/B/A CACTUS COVE BAR & PATIO, ONION CREEK COFFEEHOUSE BAR & LOUNGE, and GARY MOSELY** § § § § § § | |
| **Defendants** § § § | |

## ORIGINAL COMPLAINT

### SUMMARY

1. The Creek Group Company D/B/A Cactus Cove Bar & Patio, Onion Creek Coffeehouse Bar & Lounge (collectively "The Creek Group") and Mr. Gary Mosely (collectively "Defendants") failed to pay minimum wage to Margot Austin and similarly situated employees (collectively, the Class Members) as required by the Fair Labor Standards Act. Specifically, Defendants took a credit for tips received by the Class Members, and therefore only paid the Class Members $2.13 an hour. However, Defendants were not eligible to take a credit for the Class Members tips, because (1) Defendants failed to inform the Class Members of the legal requirements for a valid tip credit, and (2) because the Class Members shared their tips with non-tipped employees. Accordingly, the Plaintiff brings this action against Defendants to recover unpaid minimum wages, as well as liquidated damages, attorneys' fees and costs.

2.  Gary Mosely founded The Creek Group Company and established many of the first casual restaurants in the Heights neighborhood in Houston, Texas.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction because the Plaintiff's claims arise under federal law.

4.  Venue is proper because the Defendants reside in this District and a substantial part of the acts and omissions giving rise to the Plaintiff's claims occurred in this District.

## THE PARTIES

5.  The Plaintiff Margot Austin and other similarly situated individuals (the Class Members) were employed by The Creek Group within the meaning of the FLSA and were engaged in commerce. The Plaintiff and the Class Members regularly worked over forty hours per week, but were not paid overtime. In addition, the Plaintiff and the Class Members were not paid the applicable minimum wage for all hours worked. The Plaintiff's consents to this action are attached as Exhibit 1.

6.  The Creek Group Company ("Creek Group") may be served through its registered agent Gerald A. Anhalt & Associates PLLC at 3120 Southwest Freeway, Suite 300, Houston, Texas 77098. Gary Mosely is listed as the President and Director of Creek Group. Gary Mosely operates The Creek Group Company from his office at 620 E 6th ½ Street, Houston, Texas 77007.

7.  The Creek Group is a Texas corporation that employed the Plaintiff and the Class Members. The Creek Group is or is part of, an enterprise engaged in commerce and is subject to the FLSA. The Creek Group may be served by serving its registered agent, Gerald A. Anhalt & Associate PLLC, 3120 Southwest Freeway, Suite 300, Houston, Texas 77098. The Creek Group Company operates the two restaurants in this lawsuit. The Creek Group operates the following two restaurants in and near the Heights neighborhood: Cactus Cove Bar & Grill, and Onion Creek

Coffeehouse Bar & Lounge. https://www.thecreekgroup.com/. The Creek Group advertises that it owns and operates both of the restaurants in this lawsuit.



https://www.thecreekgroup.com/

8. The Creek Group is doing business as "Cactus Cove". Cactus Cove Bar & Patio ("Cactus Cove"). Cactus Cove is located at 3333 W. 11th Street Houston, Texas 77008 https://www.cactuscovehouston.com.

9. The Creek Group is doing business as "Onion Creek". Onion Creek Coffeehouse Bar & Lounge ("Onion Creek") is located at 3106 White Oak Blvd. Houston, Texas 77007 and advertise itself as "the original Houston Heights Patio since 2002." https://www.onioncreekcafe.com/

10. Gary Mosely employed the Plaintiff and the Class Members within the meaning of the FLSA. Mr. Mosely owns and operates the two restaurants in this lawsuit. Gary Mosely is part

of an enterprise engaged in commerce and is subject to the FLSA.  Gary Mosely may be served with process at 3106 White Oak Drive, Houston, Texas 77007 or at any other place he may be found.  Gary Mosely is listed as the President and Director of Onion Creek.

11. Defendant, Gary Mosley, is the owner of The Creek Group Company. As the owner and officer of The Creek Group, Mr. Mosely is responsible for controlling and overseeing the day-to-day operations of the restaurants that the Creek Group operated.

12. Mr. Mosely operates his restaurant businesses on a day to-day basis, acts directly on behalf The Creek Group, as an employer under 29 U.S.C. § 203(d).  As a result, Mr. Mosely is jointly and severally liable as such for the claims described in this Complaint.

13. Mr. Mosely (1) possessed the power to hire and fire the Plaintiff, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, he is a statutory employer under the FLSA.

14. Based on reasonable belief, Mr. Mosely runs his restuarnts from his office which is located behind Onion Creek. Mr. Mosely's office is located at 620 E 6th ½ Street, Houston, Texas 77007.  He would visit the restaurants every week.

15. On multiple occasions, Plaintiff would bring to Mr. Mosley's office a binder of all the invoices from all vendors, check stubs to vendors, and all payroll and checkout records. For examople on November 2019 and December 2019, Plaintiff brough to Mr. Mosley's offic a binder of all vendors, check stubs and payroll records from that month.

16. Based on reasonable belief, Mr. Mosely determined how the Creek Group staffed Cactus Cove and Onion Creek.  Mr. Mosely would tell the General Manger of each restaurant how many people to hire. Mr. Mosely set the rate of pay for the positions in each Creek Group

restaurants. All employee pay raises had to be approved by Mr. Mosely. For example, Plaintiff once asked Mr. Mosely for a raise through her General Manger and Mr. Mosely turned it down

### THE PLAINTIFF'S ALLEGATIONS

17. When Plaintiff worked over 40 hours a week, The Creek Group would have a manager delete the overtime hours.

18. The Creek Group would have the Plaintiff submit separate paperwork in order for her overtime to be paid at straight time instead of time and one-half overtime premium.

19. The Creek Group knew or showed reckless disregard for whether the Plaintiff was paid overtime pay.

20. The Creek Group also made dedcutions from her tips.

### THE WAIT STAFF ALLEGATIONS

21. During the last three years, the Plaintiff was employed as a tipped employee when she worked as a bartender and waiter (collectively "Wait Staff"). The Creek Group employed Bartenders and Waiters. The job duties for the bartenders and waiters included serving drinks and meals to customers.

22. The Creek Group paid the Wait Staff two dollars and thirteen cents ($2.13) per hour.

23. Defendants paid this wage rate, based on the assumption that Defendants could take a credit for the remaining minimum wage, for the tips received by the Wait Staff.

24. However, Defendants did not inform the Wait Staff of the legal requirements for a valid tip credit under 29 U.S.C. 203(m), and therefore is not entitled to claim a tip credit.

25. In addition, Defendants required the Wait Staff to share tips in a tip pool that included the restaurant and the managers.

26. The Creek Group would require the Wait Staff to use their tip money to pay for aprons, voids, shortages in the drawers, credit card charge back, credit card dispute and when customers walked out on a tab.

27. In the restaurant business "voids" are orders that were entered by a Wait Staff incorrectly or by mistake. When a Wait Staff makes a mistake in entering a food order and the mistake was caught before the kitchen prepared the misorder, the Creek Group still charged the Wait Staff for the void. While charging tipped employees for voids are illegal, the Creek Group took it one step further and made a profit for the order that was not prepared or sold. Eventhough there were no waste of food, the Creek Group would still charge the Wait Staff for the meal that was ordered by mistake.

28. The Creek Group made the waitstaff pay back money when there was a credit card dispute and the restaurant was charged back by the credit card company.

29. On some instances, the Creek Group made Plaintiff pay back the tip when customers reviewed their charges, called the restaurant, and told them that they didn't mean to leave her such a large tip. Eventhough the customer made a mistake or had a change of heart on leaving her a large tip, the Creek Group made her pay the money back to the restaurant.

30. Cactus Cove Bar & Patio had big events, including sporting events and the annual "Mile of Meat" on Valentine's Day, February 14, 2018, 2019, and 2020, that generated large amount of tips for the plaintiff and Wait Staff. The Creek Group Company required the Wait Staff to tip out the kitchen staff $25 each from their tips and then kept additonal tips before distributing the tips to Plaintiff and the Wait Staff that worked at that event.

31. Therefore, Defendants are not entitled to a credit against the minimum wage for tips received, because the Wait Staff did not retain all of their tips.

32. The Defendants' tip pooling arrangement deprives the Plaintiff of the right to claim a tip credit.

33. During the time that Defendants employed the Wait Staff, the legal minimum wage was $7.25 per hour.

34. The Defendants paid the Wait Staff only $2.13 per hour, and therefore failed to pay the minimum wage.

35. The Wait Staff were at all times non-exempt employees under the Fair Labor Standards Act.

36. Defendant knew or showed reckless disregard for whether its payroll practices violated the minimum wage and overtime provisions of the Fair Labor Standards Act.

### INDIVIDUAL CAUSES OF ACTION

37. The Plaintiff incorporates the allegations in the preceding paragraphs.

38. As set forth above, The Creek Group violated the FLSA by failing to pay the Plaintiff minimum wage. Accordingly, the Plaintiff is entitled to recover their unpaid minimum wages.

39. As set forth above, The Creek Group violated the FLSA by failing to pay the Plaintiff overtime compensation. Accordingly, the Plaintiff is entitled to recover unpaid overtime.

40. Under the FLSA, the Plaintiff is entitled to an amount equal to unpaid minimum and overtime wages as liquidated damages, as well as reasonable attorney's fees and costs.

41. When Plaintiff worked over 40 hours in a week, Defendants would alter her hours, and carry her hours to the following week.

**COLLECTIVE ACTION ALLEGATIONS**

42. The Creek Group employs other bartenders and waitstaff who perform job duties similar to the Plaintiff. These other employees were also subject to tip deductions described above. These employees were also paid sub-minimum wages.

43. When any front of house workers, such as Bartenders or Waitstaff worked over 40 hours in a week, Defendants would alter their times to eliminate overtime.

44. The Creek Group employs workers with job duties similar to those of the Plaintiff and denied them minimum wage, notice of this action is properly sent to:

> All current and former bartender and waitstaff employed by The Creek Group Company or Cactus Cove Bar & Patio or Onion Creek Coffeehouse Bar & Lounge during the past three years.

**PRAYER**

WHEREFORE, the Plaintiff requests that this Court award them judgment against Defendants for:

1. their unpaid minimum and overtime wages;
2. an equal amount as liquidated damages;
3. reasonable attorneys' fees, costs and expenses of this action;
4. post-judgment interest at the highest rate allowed by law; and
5. such other and further relief as may be allowed by law.

Respectfully Submitted,

TRAN LAW FIRM

*/s/ Trang Q. Tran*
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner, Suite 104
Houston, Texas 77063
Telephone: (713) 223-8855
Facsimile: (713) 623-6399
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF individually and on behalf of similarly situated individuals.**