IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARGOT AUSTIN, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| PLAINTIFF, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:20-cv-03363 |
| THE CREEK GROUP COMPANY D/B/A CACTUS COVE BAR & PATIO, ONION CREEK COFFEEHOUSE BAR & LOUNGE, and GARY MOSLEY DEFENDANTS. | § § § § § § | |

## DEFENDANTS' MOTION TO RECONSIDER ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants, THE CREEK GROUP COMPANY d/b/a CACTUS COVE BAR & PATIO, ONION CREEK COFFEEHOUSE BAR & LOUNGE, and GARY MOSLEY (collectively, the "Defendants") file this Motion to Reconsider Order on Plaintiffs' Motion for Partial Summary Judgment seeking the Court to respectfully reconsider its order depriving Defendants of the tip credit and in support thereof, Defendants show unto the Court the following:

### A.    THE ORDER ON PARTIAL SUMMARY JUDGMENT HOLDS CREEK GROUP TO A HEIGHTENED BURDEN IN RESPONDING TO PLAINTIFF'S SUMMARY JUDGMENT.

1.      The Order on Plaintiff's Motion for Partial Summary Judgment states that Defendants' "have failed to identify any evidence that meets its burden of proof for the FLSA's tip credit notice requirement."  (Order, p. 6).  In support of their argument that Defendants are not entitled to claim the tip credit, Plaintiff offers two facts: (1) There were no posted signs; and (2) Defendants did not provide tip acknowledgement forms to employees.

1

2.    In response Defendants provided the affidavit testimony of Gunner Crew which stated:

> 4. I was hired by the Creek Group in 2016. I was an Assistant Operations Manager for the Creek Group from 2016 to 2019 and 2020 to 2021. I served as the Interim Operating Manager from 2019 to 2020. I am currently the Interim Operating Manager and assumed this role after the departure of Gregg Mitchell. I have worked at several restaurants and bars owned by the Creek Group including Cactus Cove.

> 8. During the time I worked at the Creek Group, I interviewed and hired bartenders and servers to work at Cactus Cove. The Creek Group implemented a policy to go over the pay rate, tip credit and tip pool information in the onboarding process. I trained Paul Lange in this policy, as well. Each employee was informed that they would be paid $2.13 per hour plus tips and would be paid based upon the tip credit. Employees were also informed as part of this process that tips would be pooled between bartenders and servers and their bussers, or other front of the house employees. Tip pools were calculated at the end of each day based upon the number of hours per shift each employee worked, and the tips received during that shift. Each employee was also provided with an Employee Handbook which further outlined the Creek Group policies regarding time/attendance and tipping practices. The Creek Group also posted the required employee rights posters in the kitchen area at Cactus Cove. These posters were posted in the restaurant from the day it opened. Each employee also received a pay stub with each paycheck detailing the wages, rates and tips the employee earned per pay period.

3.    Defendants' burden in response to Plaintiffs' motion was to raise some competent evidence to defeat summary judgment.  To grant summary judgment, the Court must be satisfied that no reasonable trier of fact could have found for the nonmovant.[1]  All doubts should have been resolved in favor of Defendants, and all reasonable inferences drawn in favor of Defendants.[2]  It is not the province of the Court to determine "the most reasonable inference to

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).

[2] *Evans v. City of Houston,* 246 F.3d 344, 348 (5th Cir.2001); *see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc.,* 288 F.3d 222, 227 (5th Cir.2002).

016070\000002\6376287.v1

be drawn from the evidence."[3]

4.    In assessing Mr. Crew's affidavit, the Court takes the following issues with the evidence:

> Although Mr. Crew states that Defendants "implemented a policy to go over the pay rate, tip credit,] and tip pool information in the onboarding process, "Mr. Crew does not specify exactly when that policy was implemented.

In paragraph four, however, of Mr. Crew's affidavit, he establishes he was the Operations Manager or Interim Operations Manager from 2016 to 2020.  (Crew Declaration, ¶ 4).  This suit was filed in September 2020.  (Plaintiffs' Complaint).  Therefore, at the relevant times of this suit[4], during the two years preceding Plaintiffs' suit, Mr. Crew was the Operations Manager, and it is based upon this personal knowledge he testifies about the Policy implemented by the Creek Group to inform all servers and bartenders about the pay rate, tip credit and tip pool information which he identifies in Paragraph 8. (Crew Declaration, ¶ 4,8).  Mr. Crew also states he trained Paul Lange, identified by Plaintiffs as the manager for whom Plaintiffs confirm they worked at Creek Group.[5]  Regarding Mr. Crew's testimony about the Policy instituted by Creek Group, the Court states:

> Based upon Mr. Crew's statements, it is possible that the aforementioned policy was adopted after Plaintiff's were hired.

(Order at p. 4).  This statement in the Order resolves a potential inference against Defendants in violation of the summary judgment standard of review.  Based upon the dates Mr. Crew was

---

[3] *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir.1987).

[4] Ms. Austin states she was employed from October 2017 to April 2020.  (Austin Declaration, ¶ 2).  Mr. Glyn claims employment from June 2018 to March 2020.  (Glynn Declaration, ¶ 2).

[5] (Austin Declaration, ¶ 8, 10).  Mr. Glyn claims employment from June 2018 to March 2020.  (Glynn Declaration, ¶ 11,13).

016070\000002\6376287.v1

operations manager, his knowledge of the Policy and its institution, Plaintiffs' acknowledgement they were hired during the time Mr. Crew was Operations Manager, and the fact Mr. Crew trained Paul Lange, a reasonable jury could conclude the Policy was instituted when Plaintiffs were hired. Defendants respectfully ask the Court to reconsider the inference drawn against Defendants on this issue.

**B.** **THE ORDER GRANTING PARTIAL SUMMARY JUDGMENT MISCHARACTERIZES CREEK GROUP'S EVIDENTIARY SUPPORT.**

In order for an employer to adequately inform its employees about the FLSA's tip credit provisions under § 203(m), the employer "must at a minimum inform the employee that it intends to treat tips as satisfying part of the employer's minimum wage obligation."[6] An employer need not, however, provide its employees with a detailed explanation of the tip credit in order to satisfy § 203(m).[7]

In support of their motion, Plaintiffs state they were not asked to sign acknowledgements and contend the required posters were not at Cactus Cove during when it opened.

The mere fact Plaintiffs were not asked to sign acknowledgements does not conclusively prove Defendants did not provide proper notice of the tip credit. In his Affidavit, Mr. Crew testifies:

> Each employee was informed that they would be paid $2.13 per hour plus tips and would be paid based upon the tip credit. Employees were also informed as part of this process that tips would be pooled between bartenders and servers and their bussers, or other front of the house employees.

---

[6] *Gustavus v. Cazos, Inc.,* 774 F.Supp.2d 856, 858 (S.D.Tex.2011) (quoting *Kilgore v. Outback Steakhouse of Fla., Inc.,* 160 F.3d 294, 298 (6th Cir.1998)) (internal quotations omitted); *see Bernal v. Vankar Enters., Inc.,* 579 F.Supp.2d 804, 809 (W.D.Tex.2008) (quoting 29 U.S.C. § 203(m)).

(Crew Declaration, ¶ 8).

      The Order, in holding Defendants not entitled to the tip credit defense states:

> More importantly, Mr. Crew does not specifically attest that Plaintiffs were told about the pay rate, tip credit, and tip pool information during their respective onboarding processes.

The Order's statement contradicts Mr. Crew's statement in which he confirms "*Each* employee was informed. . ." Each employee, when this fact is resolved as true in favor of Defendants', includes Plaintiffs.

      The Order draws the following inference:

> [I]t is possible that . . . Plaintiffs were not properly informed about the tip credit components during their onboarding.

Again, by Mr. Crew's statement that "*each* employee" was informed, a reasonable jury could include that Plaintiffs were one of those employees. By acknowledging it "is possible" Plaintiffs were not informed of the tip credit, the Court's Order concedes it would also be possible for a jury to conclude otherwise.

      Mr. Crew's affidavit also states:

> The Creek Group also posted the required employee rights posters in the kitchen area at Cactus Cove. The posters were posted in the restaurant from the day it opened.

(Crew Declaration, ¶8).

      Ms. Cantu's affidavit established employee rights poster was posted at Cactus Cove and attached a copy of the poster outlining the use of the tip credit. (Ex. B-3, Declaration of Cynthia Cantu,¶ 6).

---

[7] *See Gustavus,* 774 F.Supp.2d at 858.

Numerous courts have held the testimony similar to that provided by Mr. Crew And Ms. Cantu sufficed to defeat summary judgment by Plaintiffs on notice of the tip credit and requiring the issues to be presented to the jury.

- In *Whitehead v. Hidden Tavern, Inc.*,[8] the court held a material issue of fact existed where Defendants provided testimony of the operators of the defendant restaurant stating they provided plaintiffs with knowledge of the tip credit provisions and explained how the tip credit works.[9]

- In *Kidwell v. Ruby IV, L.L.C.*,[10] Plaintiffs urged, as do Plaintiffs here, the absence of signed acknowledgements indicated Defendants must not have informed them properly regarding the tip credit. Like Creek Group, defendants in *Kidwell,* offered testimony from corporate representatives stating "Defendants had a policy to inform servers of the tip credit at hiring or during orientation."[11] The court held the attestations sufficient to create a fact issues even though not specific to any particular Plaintiff.[12]

- The Northern District of Texas held in *Lentz v. Spanky's Rest. II, Inc.,*[13] noted display of the poster of employees' rights was one of many ways Employer's could satisfy the notice requirements.

- In *Pellon v. Bus. Representation Intern., Inc.,*[14] the Eleventh Circuit affirmed summary judgment for the Employer on notice based upon testimony the Employer gave verbal notice of the tip credit to employees and displayed the DOL approved employee rights poster.[15]

- In *Thomas v. J.R. Eight, Inc.*[16] the court ruled that verbal notice given to the plaintiff that he would be paid $2.13 plus tips, combined with a prominently displayed poster concerning the tip credit qualified as adequate notice and

---

[8] 765 F. Supp. 2d 878, 882 (W.D. Tex. 2011).

[9] *Id.*

[10] No. CV 18-2052, 2020 WL 5095322, at *5 (E.D. La. Aug. 28, 2020).

[11] *Id,*

[12] *Id.*

[13] 491 F.Supp.2d 663, 672 (N.D.Tex.2007).

[14] 528 F. Supp. 2d 1306, 1310 (S.D. Fla. 2007), aff'd, 291 Fed. Appx. 310 (11th Cir. 2008).

[15] *Id.* at 1311. The district court's reasoning, held by the Eleventh Circuit to be "well reasoned" stated, "[I]t would defy logic to require the display of inadequate information regarding the minimum wage and employer tip credit, a prominently displayed poster using language approved by the Department of Labor to explain 29 U.S.C. § 203(m) is sufficient notice."

[16] No. 01–1067–CIV–SEITZ (S.D.Fla.2002)

summary judgment was appropriate on Employer's motion under the tip credit notice issue.

The facts set forth in Mr. Crew's Affidavit are sufficient to constitute competent summary judgment when factual inferences are resolved in Defendants' favor.

In further support of its Response to Plaintiff's Motion for Partial Summary Judgment, Defendants offer the Supplemental Declaration of Gunner Crew in which he clarifies the statements to the Court and confirms Defendants' policy to explain the tip credit to each bartender and server was in place at the time he began work for Creek Group in 2016—before Cactus Cove was opened.

Defendants pray the Court consider this clarifying testimony on the issue of notice because the Court's decision on this issue renders the trial as one for damages only on the issue of whether Defendants may take the tip credit and also directly influences Plaintiffs' alleged damages in the event they are able to prove they worked overtime and were not paid for all hours worked.

## C.    THE *ETTORRE* CASE CITED BY THE COURT INVOLVED MARKEDLY DIFFERENT EVIDENCE OFFERED BY THE DEFENDANT.

In *Ettorre v. Russos Westheimer, Inc.*,[17] Defendant's proffered evidence in support of claiming the tip credit differed significantly from that of Defendants here.   The plaintiff in *Ettorre* proffered the deposition testimony of Defendant's corporate designee, who according to the court, "did not know whether the restaurant notified Ettorre of the required elements to claim the tip credit, and admitted she did not think there was a company policy of telling employees about their wages when they are hired."  *Id*. at *2.   In response, Defendant relied solely upon

---

[17] 2022 WL 822181 (5th Cir. March 18, 2022).

016070\000002\6376287.v1

Plaintiff's testimony she was aware she was paid $2.13 per hour. *Id.* at *3.

Moreover, Defendants in *Ettorre* relied on a policy manual not placed into evidence and no evidence Plaintiff received a copy. *Id.* In contrast, Defendants here provided the testimony of Gunnar Crew (discussed above) which creates a genuine issue of fact by its affirmative statements that Mr. Crew was aware of Defendants' policy to inform employees of the tip credit, what the policy entailed, and that each employee was informed. Moreover, to show fulfillment of its obligation to affirmatively notify employees of any tip pooling requirements, Defendants provided its Employee Handbook showing the tip pooling requirement and signed acknowledgements from plaintiffs. (Defendants Response, Exs. B, B-1, B-2).

The Order granting summary judgment on the tip credit cites *Ettorre* for all of the evidence proffered which did not constitute proper notice in the Court's opinion, but ignores the evidence proffered by Defendants which creates a genuine issue of fact regarding notice.

## **PRAYER**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion for Partial Summary Judgment. Defendants pray for such other relief to which Defendants may show itself to be entitled.

Dated: February 2, 2023.

Respectfully submitted,

By _____

Kimberly R. Stuart
Texas Bar No. 00797486
Federal ID No. 21966
kstuart@craincaton.com
Alexander W. Cohn
Texas Bar No. 24094100
acohn@craincaton.com

8

016070\000002\6376287.v1

1401 McKinney St., Suite 1700
Houston, Texas 77010-4035
(713) 658-2323 (Phone)
(713) 425-7956 (Fax)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of February, 2023, a true and correct copy of the foregoing has been served upon all counsel of record by electronic service.

Kimberly R. Stuart

016070\000002\6376287.v1